IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

M.W., a minor,                          *
by and through his parents,
Shuzhou Wang and Yuxue Gao,             *
and on their own behalf,
                                        *
        Plaintiffs,                          CASE NO. 3:06-CV-49(CDL)
                                        *
vs.
                                        *
CLARKE COUNTY SCHOOL DISTRICT,
                                        *
        Defendant.
                                        *
_____

O R D E R

    The present action is an appeal of an Administrative Law Judge's decision concluding that Defendant Clarke County School District provided Plaintiffs' autistic son, M.W., with a free appropriate public education ("FAPE") in the least restrictive environment ("LRE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* In an Order dated September 29, 2008, the Court granted Defendant's motion to dismiss Plaintiff's Amended Complaint, finding that Defendant complied with IDEA and that Plaintiffs were not entitled to reimbursement for any privately-obtained education, support, or testing of M.W. (Order 51, Sept. 29, 2008.) However, the Court permitted Plaintiffs to file a motion for reconsideration so that Plaintiffs could proffer any additional evidence Plaintiffs wished the Court to consider. (*Id.* at 51 n.30.) Presently pending before the Court is the Corrected Plaintiffs'

Motion to Reconsider Order and Judgment (Doc. 72).  For the following reasons, that motion is denied.

Plaintiffs first request that the Court consider the affidavit of M.W.'s father, Plaintiff Shuzhou Wang.  This affidavit was originally filed with Plaintiffs' response to Defendant's motion to dismiss.  Plaintiffs contend that Dr. Wang's affidavit demonstrates that Defendant did not properly consider educating M.W. in the LRE. In addition, Plaintiffs contend that the affidavit casts doubt on the credibility of Joy Sims, who testified at the hearing below that M.W.'s educational team considered and rejected placing M.W. in the regular-education setting.

In an IDEA appeal, a district court is required to "receive the records of the administrative proceedings;" "hear additional evidence at the request of a party;" and "grant such relief as the court determines is appropriate" based on a preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C).  A district court is thus called upon to weigh and decide disputed issues of fact in rendering its final decision.  *See Walker County Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1297 n.11 (11th Cir. 2000).  In this case, the Court conducted a thorough review of the materials submitted to the Court by the parties, including Dr. Wang's affidavit.  The Court then found, by a preponderance of the evidence, that Defendant considered various educational placements before concluding that Ms. Sims's self-contained autism classroom was the most appropriate placement

for M.W.   Plaintiffs have provided the Court with no additional evidence that would warrant reconsideration of this finding.

Plaintiffs next ask the Court to reconsider its judgment, which provides that Defendants shall recover the costs of this action. (J., Sept. 30, 2008.) Federal Rule of Civil Procedure 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* Local R. 54.2. Rule 54 thus distinguishes between "costs" and "attorney's fees." While Plaintiffs correctly assert that under IDEA, parents generally are not required to pay *attorney's fees* unless they bring a cause of action for an "improper purpose," the statute provides no similar exclusion of *costs*.   *See* 20 U.S.C. § 1415(i)(3)(B).   However, the Court's local rules provide that any "requests for taxation of costs by the prevailing party shall be made on a Bill of Costs form provided by the clerk." Local R. 54.2.1. The "Bill of Costs must be filed by the prevailing party within thirty (30) days from the entry of the judgment that awarded the costs." Local R. 54.2.2.   In this case, more than thirty days have passed since the entry of final judgment on September 30, 2008. Since Defendant has not sought costs in this case, Plaintiffs are not liable for them.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 72) is denied in its entirety.

3

IT IS SO ORDERED, this 6th day of November, 2008.

_____S/Clay D. Land_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE